IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON BELENKY,
SCOTT JONES,
and EQUALITY KANSAS,

   *Plaintiffs,*

vs.

KRIS W. KOBACH and BRAD BRYANT,

   *Defendants.*

Case No. 13-4150-EFM-KMH

**MEMORANDUM AND ORDER**

  Plaintiffs Aaron Belenky, Scott Jones, and Equality Kansas seek to remand their lawsuit against Defendants Kris Kobach and Brad Bryant to state court. The Defendants, both Kansas elections officials, removed the suit to this Court under 28 U.S.C. § 1331, asserting federal court jurisdiction based on questions arising under federal law. Plaintiffs have filed a Motion to Remand (Doc. 7), asserting that their action is based solely on state law, and have requested payment of just costs and expenses, including attorney fees, incurred as a result of the removal. Because the Plaintiffs' action does not necessarily depend on the resolution of a federal question, the Court grants Plaintiffs' Motion to Remand. The Court, however, declines to award costs and fees because the Defendants' basis for removal does not rise to the level of being objectively unreasonable.

# I. Factual and Procedural Background

In Kansas, those applying to register to vote can do so using either a state registration form or a federal registration form.[1] Effective January 1, 2013, Kansas law was amended to require "satisfactory evidence of United States citizenship" for a new applicant to be registered to vote.[2] The state registration form was updated to require new applicants to submit proof of citizenship, but the United States Election Assistance Commission (EAC) declined to update the federal registration form. In June 2013, the United States Supreme Court ruled that, under the National Voter Registration Act (NVRA), states must "accept and use" the federal registration form, prohibiting states from requiring those using the federal form to submit any information beyond what is required by the form itself.[3] The Supreme Court also allowed states to request that the EAC change the state-specific instructions to reflect their requirement of documentary proof of citizenship. Kansas made such a request almost immediately after the Supreme Court's ruling. That request was the subject of a separate lawsuit before this Court, *Kobach v. U.S. Election Assistance Commission*.[4]

In July 2013, Brad Bryant, the Kansas election director, addressed an email message to Kansas county election officers. This email implemented a dual registration system resulting in four scenarios depending on whether an applicant used a state or federal form and whether the

---

[1] K.S.A. § 25-2309(a) ("Any person may apply in person, by mail, through a voter registration agency, or by other delivery to a county election officer to be registered. Such application shall be made on: (1) A form approved by the secretary of state, which shall be provided by a county election officer or chief state election official upon request in person, by telephone or in writing; or (2) the national mail voter registration form issued pursuant to federal law.").

[2] K.S.A. § 25-2309(l).

[3] *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247, 2260 (2013).

[4] 2014 WL 1094957 (D. Kan. Mar. 19, 2014).

applicant submitted proof of citizenship. These scenarios include the possibility that an applicant could be registered to vote for all elections, no elections, or only federal elections. An applicant using the Kansas form who submits proof of citizenship is eligible to vote in all elections—federal, state, and local. An applicant using the Kansas form who fails to submit proof of citizenship is not eligible to vote in any elections. An applicant using the federal form who submits proof of citizenship is also eligible to vote in all elections. But an applicant using the federal form without submitting proof of citizenship is eligible to vote in only federal elections.

In August 2013, Aaron Belenky applied to register to vote in Kansas by using the federal form. In September 2013, the Johnson County Elections Office informed Belenky that he was not registered to vote in local or state elections. In October 2013, Belenky was unable to vote in a local election because he was deemed not registered. Similarly, Scott Jones applied to register to vote by submitting the federal form at the Douglas County clerk's office. In September 2013, Jones was told that he was registered to vote in federal elections but not state or local elections.

In November 2013, Belenky, Jones, and Equality Kansas—an organization involved in voter registration—filed suit against Kansas Secretary of State Kris Kobach and Bryant in the Third Judicial District Court of Kansas in Shawnee County. The Complaint seeks a declaratory judgment deeming the dual registration system unlawful and an injunction against its enforcement. In December 2013, the Defendants removed this case to this Court on the ground that it involves a question of federal law.[5] In January 2014, Plaintiffs filed this Motion to Remand to State Court (Doc. 7) and have asked for costs and fees resulting from the removal.

---

[5] The Defendants also filed a Motion to Stay Case (Doc. 4) until this Court resolved the separate lawsuit. Since then, the separate lawsuit, *Kobach v. EAC*, has been resolved. There has been a notice of appeal filed, and several motions to stay pending appeal are pending before this Court at the time of this order.

## II. Legal Standard

State court actions that could have been originally filed in federal court are removable to federal court.[6] The federal court must remand the action "if any time before final judgment it appears that the district court lacks subject matter jurisdiction."[7] Federal courts are courts of limited jurisdiction, and must have a statutory or constitutional basis to exercise jurisdiction over the subject matter of a suit.[8] The party invoking federal court jurisdiction bears the burden of showing federal subject matter jurisdiction by a preponderance of the evidence.[9] All doubts about removal must be resolved against removal and in favor of a remand to state court.[10]

The federal court has jurisdiction over matters brought in diversity or matters arising under the Constitution, laws, or treaties of the United States.[11] To determine whether a matter arises under federal law under 28 U.S.C. § 1331, courts use the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[12] A well-pleaded complaint must establish one of two things: 1) that federal law creates the cause of action, or 2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[13] The second

---

[6] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[7] 28 U.S.C. § 1447(c).

[8] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850).

[9] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[10] *Warner v. CitiMortgage, Inc.*, 533 Fed. Appx. 813, 816 (2013) (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).

[11] *See* U.S. Const. art. III.; 28 U.S.C. § 1332; 28 U.S.C. § 1331.

[12] *Caterpillar*, 482 U.S. at 392.

[13] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012).

option includes an exceedingly narrow, special, and small category of cases.[14] The question is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[15] To establish federal-question jurisdiction, then, "a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities."[16]

The well-pleaded complaint rule makes the plaintiff the "master" of his claim, meaning that he can choose the judicial forum—state or federal—based on how he drafts the complaint.[17] Federal-question jurisdiction exists only when the plaintiff's statement of his own cause of action shows that it is based on federal law or the U.S. Constitution.[18] Typically, a federal court would not have jurisdiction under § 1331 unless the plaintiff's complaint asserts a cause of action premised on a violation of a federal statute or the Constitution.[19] The plaintiff can avoid federal jurisdiction by relying exclusively on state law in the complaint, though he may not evade federal jurisdiction by omitting federal issues that are essential to the claim.[20] Federal question jurisdiction cannot be invoked by raising a federal issue as a defense.[21]

---

[14] *Id.*

[15] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

[16] *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208 (10th Cir. 2012).

[17] *Grable*, 545 U.S. at 314.

[18] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Dutcher*, 733 F.3d at 985.

[19] *Dutcher*, 733 F.3d at 985.

[20] *Grable*, 545 U.S. at 314.

[21] *Beneficial Nat'l Bank*, 539 U.S. at 6.

## III. Analysis

The Plaintiffs assert that this Court must remand to state court because their Complaint alleges only violations of the Kansas constitution and Kansas statutes. The Defendants oppose the motion, arguing that removal to this Court is appropriate because the Plaintiffs' case hinges on the resolution of substantial and disputed federal questions. Specifically, the Defendants contend that the outcome of this case depends on the interpretation and application of the U.S. Constitution and the NVRA.

Here, the Plaintiffs' Complaint seeks declaratory and injunctive relief against Kobach and Bryant to prevent a dual system of voter registration. First, the Complaint alleges that the system of classifying voters differently according to whether they registered with a state or federal form violates the Equal Rights clause of the Kansas constitution.[22] Second, the Complaint alleges that the Defendants' plan, which prevents those registering to vote with the federal form without proof of citizenship from voting in state and local elections, exceeds the Defendants' authority and is contrary to Kansas statutes that authorize only one voter registration system and one ballot.[23] Third, the Complaint alleges that the dual registration system should be void because it was established by informal directive rather than as a rule or regulation under the requirements of the Filing Act.[24]

---

[22] See KAN. CONST. Bill of Rights § 1 ("All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness.").

[23] See K.S.A. § 25-2323 ("The secretary of state and deputy assistant secretaries of state may register voters on a statewide basis."); K.S.A. § 25-617 ("The secretary of state shall prescribe the ballot format but the state offices part of the official general ballot for national and state offices shall follow the national offices part substantially as is shown in this section.").

[24] See K.S.A. §§ 77-421, 77-425 ("Any rule and regulation not filed and published as required by this act shall be of no force or effect[.]").

As noted, the Tenth Circuit requires the following to establish federal-question jurisdiction over a state-law claim: "a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities."[25] So the first question is whether the Plaintiffs' state-law claims necessarily raise a federal claim. The Complaint mentions a federal law, the NVRA, in a section of background facts but does not otherwise allege that an interpretation of federal law is required. The Defendants maintain that Plaintiffs' entire case hinges "entirely on the interpretation and application of the United States Constitution and federal voter registration laws."[26] Essentially, the Defendants assert that Kansas would be forced to implement a dual registration system to follow the mandates of both the Supreme Court and Kansas statutes. The Defendants contend that this must be resolved.

The Defendants argument for federal-question jurisdiction fails on the first requirement because the Plaintiffs' Complaint does not present a federal issue that this Court necessarily must decide. At most, the Defendants' assertion that federal law would force them to implement a dual registration system might serve as a viable defense. But this Court is instructed to ignore potential defenses when considering federal-question jurisdiction.[27] Identifying a disputed federal issue that possibly could be raised is not enough for federal-question jurisdiction.[28] Here, Plaintiffs do not advocate for a particular interpretation of the NVRA. In fact, interpreting the NVRA in Defendants' favor would not necessarily address the issues of whether such an

---

[25] *Devon Energy*, 693 F.3d at 1208 (citing *Grable*, 545 U.S. at 314).

[26] Memorandum in Opposition to Plaintiffs' Motion to Remand, Doc. 11, at 2.

[27] See *Beneficial Nat'l Bank*, 539 U.S. at 6.

[28] *Devon Energy*, 693 F.3d at 1209.

interpretation violates the Kansas constitution and statutes that purportedly authorize only one voter registration system or whether administrative rules and regulations were properly adopted.

Because the Defendants fail to meet the first requirement, it is not necessary to consider the other three requirements. But even if the Court could find that Plaintiffs' state-law claim necessarily raises a federal issue that is actually disputed and substantial, the Court questions whether Defendants can meet the fourth requirement. This requires that a state-law claim be able to be "resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities."[29] The Defendants do not adequately address how a federal court deciding unique and important interpretations of state election law would not disturb the balance of federal and state judicial responsibilities.[30] Ultimately, the Court finds that the well-pleaded complaint rule directs this Court to remand. The Plaintiffs' Motion to Remand is granted.

Plaintiffs also ask this Court to award just costs and fees in connection with filing the motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[31] But "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[32] In that case, fees should be denied.[33] Thus, the standard for awarding costs and fees turns on the reasonableness of the removal.[34]

---

[29] *Id*. at 1208.

[30] *See Grable*, 545 U.S. at 314.

[31] 28 U.S.C. § 1447(c).

[32] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

[33] *Id*. at 141.

[34] *Id*.

Though unsuccessful in opposing Plaintiffs' Motion to Remand, the Defendants' basis for removal was not objectively unreasonable. For example, this Court has assessed costs and fees for a removal based solely on the capitalization of "Constitutional," an objectively unreasonable basis in an apparent attempt to prolong litigation.[35] Here, the issues are broadly related to the same general topic as another case before this Court, and there is a reasonable possibility that this case could involve interpretation of federal law. Thus, the position taken by the Defendants supporting removal does not rise to the level of objectively unreasonable. Therefore, the Court does not find it necessary to award costs and fees associated with the Motion to Remand. That portion of Plaintiffs' motion is denied.

Further, consistent with this Memorandum and Order, because the Court finds that it lacks jurisdiction over this case, the Defendants' Motion to Stay (Doc. 4) is moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. 7) is hereby **GRANTED**.

**IT IF FURTHER ORDERED** that Defendants' Motion to Stay (Doc. 4) is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 7th day of April 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[35] See *Univ. of Kansas Hosp. Auth. v. Bd. of Cnty. Comm'rs for Brown Cnty.*, 2013 WL 3147651, at *3 (D. Kan. June 19, 2013).